UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>MAURICE PATRICK,<br>        Debtor.<br><br>ROBERT D. MILLER, JR., Acting United States Trustee,<br>        Plaintiff,<br>vs.<br>MAURICE PATRICK,<br>        Defendant. | Case No. 09-00329-PCW7<br><br><br>Adv. No. 09-80022-PCW<br><br>MEMORANDUM DECISION RE:<br>U.S. TRUSTEE'S MOTION FOR<br>SUMMARY JUDGMENT |

THIS MATTER comes before the Court on the U.S. Trustee's Motion for Summary Judgment (Docket No. 20). The Court has reviewed the Motion, Statement of Material Facts, Declarations and briefs in support and the objection filed by Mr. Patrick. Oral argument was waived by the parties. The Court hereby enters its Memorandum Decision.

The debtor commenced a Chapter 7 in Georgia on January 18, 2002 and received a discharge in that case on April 26, 2002. The debtor commenced the Chapter 7 pending in this District (09-00329) on January 27, 2009. This adversary seeks a determination that the debtor is not entitled to a discharge in the current Chapter 7 pursuant to 11 U.S.C. § 727 (a)(8).

In response to the U.S. Trustee's Motion, the debtor argues that his Chapter 7 cannot be converted to a Chapter 13 as his only income is $50 per month. There is no motion in the underlying Chapter 7 seeking conversion to a Chapter 13, nor is there any such request in this adversary proceeding. The U.S. Trustee has not made a request that the Chapter 7 be converted to a Chapter 13.

MEMORANDUM DECISION RE: . . . - 1

The debtor also argues that his Chapter 7 should not be dismissed pursuant to 11 U.S.C. § 707(b) as he has not abused the bankruptcy system by commencing the Chapter 7 and that under the means test he has no disposable income. There is no request to dismiss the Chapter 7 in this adversary proceeding. The docket of the underlying Chapter 7 reveals that some months ago, the U.S. Trustee filed a Motion to Dismiss for failure of the debtor to file his Certificate that he had obtained financial counseling prior to filing. The debtor filed the Certificate which resolved the Motion to Dismiss. Thus, there is no pending request to dismiss the underlying Chapter 7. There has never been an allegation that the Chapter 7 should be dismissed for an abuse of the bankruptcy system.

The only request before the Court is that no discharge be entered as a result of the Chapter 7 filing. The case would be closed without the entry of a discharge, which means that the debtor's liability for the obligations would continue. Denial of discharge under 11 U.S.C. § 727(a)(8), which is sought here, does not imply any wrongdoing on the part of a debtor, but is merely the result of calculating dates.

11 U.S.C. § 727(a)(8) provides that if a debtor has commenced a second case within eight (8) years of a prior case and the first case resulted in a discharge, no discharge can occur in the second case. It is not illegal to commence the second case, and the debtor may have legitimate reasons for doing so even though no discharge can be entered in the second case. Congress, in the statute, has precluded debtors from receiving a discharge in a second bankruptcy for eight (8) years after the filing of the first bankruptcy. Here, the first case was commenced on January 18, 2002, and a discharge was received. No discharge is available to this debtor until eight (8) years later, i.e., in a second case commenced after January 19, 2010.

The debtor has not had the benefit of counsel in the Chapter 7 or in this adversary proceeding. If the debtor had received legal advice prior to commencing the Chapter 7, the advice may well have been to do nothing until January, 2010. The debtor has no assets or income to protect as his minimal assets and income are exempt under Washington or federal law. The schedules in the Chapter 7 reveal that the debtor is a party to an appeal in state court, which potentially could generate some return to the debtor. If and when that happens, or when the debtor completes his schooling and becomes employed, or otherwise has assets which need the protection of the Bankruptcy Court, by January 18, 2010, he may

MEMORANDUM DECISION RE: . . . - 2

1 commence a bankruptcy proceeding and receive a discharge. As the pending Chapter 7 was commenced
2 prior to January 18, 2010, the debtor is not entitled to receive a discharge in the pending Chapter 7. The
3 U.S. Trustee's Motion for Summary Judgment is **GRANTED.** The pending Chapter 7 (08-00329) will
4 be closed without entry of a discharge.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

08/12/2009 08:41:44

MEMORANDUM DECISION RE: . . . - 3